**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOEY ORTIZ,

        Plaintiff,

v.                                        Case No. 6:14-cv-362-Orl-37GJK

AMY MOON,

        Defendant.

**ORDER**

This matter is before the Court on the Motion of Defendant, Amy Moon, for Summary Judgment and Incorporated Memorandum of Law (Doc. 39), filed April 2, 2015.

**BACKGROUND**

Plaintiff Joey Ortiz contends that Defendant Amy Moon violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by having him "arrested in retaliation for Plaintiff attempting to repossess [Defendant's] vehicle," and he seeks redress pursuant to 42 U.S.C. § 1983. (Doc. 28, ¶¶ 20–27.) Defendant filed a motion for summary judgment arguing—among other things—that Plaintiff cannot establish that any purportedly wrongful conduct was taken by Defendant "in her capacity as an officer of the Cocoa Police Department." (*See* Doc. 39, pp. 12–17.) Plaintiff did not respond to the Motion, and the deadline to do so has passed.[1]

---

[1] The Court's Case Management and Scheduling Order ("CMSO") requires each "party opposing a motion for summary judgment" to file a legal memorandum with citation of authorities in opposition to the relief requested. (Doc. 31, Part II.H.1.)

## LEGAL STANDARDS

**I.   42 U.S.C. § 1983**

The Fourth Amendment, which is enforceable against the States through the Fourteenth Amendment, requires that arrests are "objectively reasonable based on the totality of the circumstances." *See Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). A person subjected to an objectively unreasonable arrest may seek redress pursuant to 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.4 (1979). To prevail on such a claim against a police officer, the plaintiff must establish that the officer was acting under "color of state law" when she deprived him of his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 49–50 (1988).

**II.   Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant makes such a showing, then the court should grant summary judgment unless the non-moving party presents "affirmative evidence to show that a genuine issue of material fact exists." *See Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006); *see also* Fed. R. Civ. P. 56(c)(1). If the non-moving party provides no response to a summary judgment motion, then the Court may grant the unopposed motion after due consideration of the merits and the evidence presented.[2] *See Howard*

---

[2] *See Benjamin v. SNF Holding Co.*, No. 14-13218, 2015 WL 1037109, at *2 (11th Cir. 2015) (noting that courts must consider the merits of an unopposed motion for summary judgment); *Jacoby v. Baldwin Cnty.*, 596 F. App'x 757, 762 (11th Cir. 2014) (same); *see also Rives v. Lahood*, No. 13-15905, 2015 WL 1320586, at *2 (11th Cir. Mar. 25, 2015) (holding that court did not err in deeming facts admitted for purposes of summary judgment).

*v. Gee*, 538 F. App'x 884, 890 (11th Cir. 2013) (affirming denial of unopposed motion for summary judgment where court gave "due consideration to the merits" of defendants' motion "and the evidence presented"); *see also* Fed. R. Civ. P. 56(e)(3) (providing for entry of summary judgment if a motion and supporting materials "show that the movant is entitled to it" and the opposing party "fails to properly address another party's assertion of fact").

## DISCUSSION

The record before the Court reflects the following events. First, on May 20, 2010, Defendant summoned the Rockledge Police Department to her home and provided a sworn statement to Officer Justin Hope ("Officer Hope") that Plaintiff refused to leave Defendant's private property upon demand (the "Statement"). (*See* Doc. 39, pp. 1–5; *see also* Docs. 39-2, 39-3, 39-8.) Second, the Statement was made part of an "Offense Incident Report" (the "Report"), which Officer Hope submitted to the State Attorney's Office. (*See* Docs. 39-3, 39-4.) Third, upon review of the Report, Assistant State Attorney Brian Sizer ("Attorney Sizer") charged Plaintiff by Information with violating Florida Statute, § 810.09 (trespass after warning) (*see* Doc. 39-6), a summons issued by the Clerk of Court for Brevard County, Florida ("Summons") (*see* Docs. 39-7, 39-9), and the Summons was returned as not deliverable. (*See* Doc. 39-5, ¶ 8.) Fourth, Attorney Sizer then requested issuance of a capias for the arrest of Plaintiff (*see* Doc. 39-10), which was granted on September 3, 2010 ("Capias") (*see* Docs. 39-11). Fifth, during a traffic stop on October 25, 2010, Plaintiff was arrested on the Capias. (*See* Doc. 39-1, p. 41; *see also* Doc. 39-12.) Ultimately, the criminal proceeding was terminated in Plaintiff's favor. (*See* Docs. 39-5, 39-13.)

The record evidence is that Defendant was employed as a police officer for the City of Cocoa, Florida; however, when she contacted the Rockledge Police Department and made her Statement on May 20, 2010, she was acting as a private person—not under color of state law. (*See* Doc. 39-2, pp. 2–3.) Further, there is no evidence in the record to support a finding that Defendant shared an unlawful goal and agreed on a joint course of action with Officer Hope, Attorney Sizer, or any other person involved in the arrest of Plaintiff. (*See* Doc. 39, pp. 13–14; *see also* Doc. 39-2, pp. 3–4; Doc. 39-3, pp. 3–4.) Plaintiff has not challenged these points, which are fatal to his § 1983 claim. Accordingly, the Court finds that the Motion is due to be granted.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED**:

1. The Motion of Defendant, Amy Moon, for Summary Judgment and Incorporated Memorandum of Law (Doc. 39) is **GRANTED**.

2. Summary Judgment is entered in favor of Defendant Amy Moon and against Plaintiff Joey Ortiz.

3. The Clerk is directed to enter Judgment in accordance with the Order and **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 22, 2015.

ROY B. DALTON JR.
United States District Judge

4

Copies:

Counsel of Record